# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| AMAZON LOGISTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UN4GIVEN TRANSPORTATION, INC., <br><br> Defendant. | **COMPLAINT** |

Plaintiff Amazon Logistics, Inc. ("Plaintiff"), for its Complaint against Defendant Un4Given Transportation, Inc. ("Defendant"), states and avers as follows:

## THE PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business in King County, Washington.

2. Upon information and belief, Defendant is a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

3. The Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and involves an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

4. The Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of North Carolina, including with respect to the claims described herein.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because Defendant

resides in this judicial district.

6. Defendant may be served with process via its registered agent, Corporation Service Company, located at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff is a transportation logistics company and is the registered owner of two trailers, identified as V210487 and V210650, and related dolly converters (collectively, the "Trailers").

8. Defendant is a motor carrier and is registered with the Federal Motor Carrier Safety Administration as USDOT 2896549 and MC973531.

9. Plaintiff and Defendant are parties to the Linehaul Service Provider Agreement (the "LSPA"), pursuant to which Defendant agreed to provide truckload transportation services, including receiving, loading, storing, transportation, delivering, unloading, and related services, to Plaintiff.

10. On or about July 4, 2017, Defendant was in possession of the Trailers to transport Plaintiff's goods from Plaintiff's fulfillment center in Baltimore, Maryland (known as BWI5) to its fulfillment center in Chattanooga, Tennessee (known as CHA1).

11. While Defendant checked the Trailers into CHA1 via the driver's mobile phone, upon information and belief, the Trailers were subsequently moved by Defendant to its Gastonia, North Carolina storage yard.

12. Specifically, from July 2, 2017 to October 29, 2017, the GPS units on the Trailers (the dollies do not have GPS units) continued to register at Defendant's Gastonia location until the batteries presumably died and the GPS stopped registering a current location on or about October 29, 2017.

2

Case 3:19-cv-00028   Document 1   Filed 01/18/19   Page 2 of 5

13. Upon information and belief, the Trailers have since been removed from Defendant's Gastonia location.

14. Plaintiff is and continues to be injured by Defendant's breach of contract and wrongful conversion of the Trailers.

**FIRST CLAIM FOR RELIEF**
*(Breach of Contract)*

15. Plaintiff incorporates all of the foregoing allegations as if rewritten herein.

16. The LSPA is a valid and enforceable contract.

17. Plaintiff complied with all of its obligations under the LSPA.

18. Pursuant to Section 1.4 of the LSPA, Defendant is responsible for any damage or casualty to the Trailers while in its possession. Further, Defendant agreed to use the Trailers exclusively for the services contemplated in the LSPA and agreed to return the Trailers in substantially the same condition as when received.

19. Defendant breached the Agreement through, among other things, converting the Trailers for its own use or benefit and/or failing to timely return the Trailers.

20. As a result of Defendant's breach, Plaintiff has and continues to suffer damages, including lost use and profits, in an amount to be determined at trial, but not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, interest, attorneys' fees, and costs.

**SECOND CLAIM FOR RELIEF**
*(Conversion)*

21. Plaintiff incorporates by reference each and every allegation set forth above.

22. Plaintiff has a right to possession of the Trailers.

23. By and through the conduct described above, Defendant has wrongfully exercised control and dominion over the Trailers.

24. Defendant's wrongful exercise of control and dominion over the Trailers has

proximately injured Plaintiff in an amount to be determined at trial, but not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, interest, attorneys' fees, and costs.

25. As a result, Plaintiff is entitled to recover from Defendant at least Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, interest, attorneys' fees, and costs.

**THIRD CLAIM FOR RELIEF**
*(Declaratory Judgment)*

26. Plaintiff incorporates by reference each and every allegation set forth above.

27. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that in a case of actual controversy within its jurisdiction, any court of the United States may declare the rights, obligations and other legal relations of any interested parties.

28. An actual case and controversy exists between Plaintiff and Defendant as to the possession and control of the Trailers. Plaintiff submits that it is the owner of the Trailers. Defendant apparently believes otherwise as it refuses to turn over the Trailers to Plaintiff and/or continue to wrongfully detain the Trailers.

29. Plaintiff is entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Plaintiff is entitled to the sole possession and control of the Trailers.

**WHEREFORE**, Plaintiff Amazon Logistics, Inc. demands:

A. Judgment in its favor on all claims;

B. On the First and Second Claims for Relief, judgment against Defendant in an amount not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, interest, attorneys' fees, and costs;

C. On the Third Claim for Relief, declaratory judgment that Plaintiff is entitled to the sole possession and control of the Trailers; and

D. Such other relief at law or in equity to which Plaintiff is entitled or otherwise may

be appropriate.

        Respectfully submitted,

        */s/ Christopher M. Kelly*
        Christopher M. Kelly (NC Bar No. 24346)
        Caroline B. Barrineau (NC Bar No. 51571)
        GALLIVAN, WHITE & BOYD, P.A.
        6805 Morrison Blvd., Suite 200
        Charlotte, NC 28211
        (704) 227-1940
        (704) 362-4850 FAX
        ckelly@gwblawfirm.com
        cbarrineau@gwblawfirm.com

        *Local Counsel*

        AND

        **OF COUNSEL** (*pro hac vice pending*)

        Eric Larson Zalud, Esq.
        Benesch, Friedlander, Coplan & Aronoff LLP
        200 Public Square, Suite 2300
        Cleveland, Ohio 44114-2378
        Telephone: (216) 363-4178
        Email: ezalud@beneschlaw.com

        Kevin M. Capuzzi, Esq.
        Benesch, Friedlander, Coplan & Aronoff LLP
        222 Delaware Avenue, Suite 801
        Wilmington, Delaware 19801
        Telephone: (302) 442-7010
        Email: kcapuzzi@beneschlaw.com

        *Attorneys for Amazon Logistics, Inc.*