UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00028-RJC-DSC

| | | |
|---|---|---|
| AMAZON LOGISTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UN4GIVEN TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgment. (Doc. No. 8.)

I.      BACKGROUND

Plaintiff Amazon Logistics, Inc. ("Plaintiff") is a transportation logistics company and is the registered owner of two trailers, identified as V210487 and V210650, and related dolly converters (the "Trailers"). (Doc. No. 1, ¶ 7.) Defendant Un4Given Transportation, Inc. ("Defendant") is a motor carrier registered with the Federal Motor Carrier Safety Administration as USDOT 2896549 and MC973531. (Doc. No. 1, ¶ 8.)

Plaintiff and Defendant are parties to a Linehaul Service Provider Agreement (the "Agreement") pursuant to which Defendant agreed to provide Plaintiff truckload transportation services, including receiving, loading, storing, transporting, delivering, and unloading goods. (Doc. No. 1, ¶ 9.) Defendant further agreed to use the Trailers exclusively for the services contemplated in the Agreement and to return

the Trailers in substantially the same condition. (Doc. No. 1, ¶ 18.) On or about July 4, 2017, Defendant possessed the Trailers to transport Plaintiff's goods from Plaintiff's fulfillment center in Baltimore, Maryland to Plaintiff's fulfillment center in Chattanooga, Tennessee. (Doc. No. 1, ¶ 11.) Defendant's driver checked the Trailers into the Chattanooga facility using his cell phone.[1] (Doc. No. 1, ¶ 11.) But, from July 2 through October 29, 2017, the GPS units on the Trailers showed the Trailers were located at Defendant's storage yard in Gastonia, North Carolina. (Doc. No. 1, ¶ 12.) The GPS units stopped showing a location on October 29, 2017, which Plaintiff presumes is due to the batteries dying. (Doc. No. 1, ¶ 12.)

On January 18, 2019, Plaintiff filed a Complaint against Defendant asserting claims for breach of contract, conversion, and a declaratory judgment. (Doc. No. 1, at 3–4.) According to Plaintiff's Affidavit of Service, Defendant was properly served with the summons and a copy of the Complaint on January 25, 2019. (Doc. Nos. 4 to 4-2.) On February 27, 2019, the Clerk of Court entered default against Defendant. (Doc. No. 7.)

On June 5, 2019, Plaintiff filed the instant Motion for Default Judgment. (Doc. No. 8.) The motion is ripe for resolution.

## II.    STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure governs Plaintiff's Motion for Default Judgment. "Rule 55 sets forth a two-step process for obtaining a default judgment." Brown v. Prime Star Grp., Inc., No. 3:12-cv-165, 2012 U.S. Dist. LEXIS

---

[1] The Complaint does not allege when this occurred.

141495, at *5 (W.D.N.C. Sept. 30, 2012). A plaintiff must first seek an entry of default under Rule 55(a). L & M Cos. v. Biggers III Produce, Inc., No. 3:08-cv-309, 2010 U.S. Dist. LEXIS 46907, at *14 (W.D.N.C. Apr. 9, 2010). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." Brown, 2012 U.S. Dist. LEXIS 141495, at *4.

"After the clerk has entered a default, the plaintiff may seek a default judgment." Silvers v. Iredell Cty. Dep't of Soc. Servs., No. 5:15-cv-00083, 2016 U.S. Dist. LEXIS 13865, at *9 (W.D.N.C. Feb. 3, 2016). "The entry of a default judgment is left to the sound discretion of the court, and no party is entitled to a favorable entry of default judgment as a matter of right." Dish Network L.L.C. v. Hatley, No. 5:16-cv-00088, 2017 U.S. Dist. LEXIS 81390, at *6 (W.D.N.C. May 25, 2017). "Without question, because the American civil litigation system is adversarial by nature, it is the 'strong policy' of the Fourth Circuit to decide cases on their merits." Silvers, 2016 U.S. Dist. LEXIS 13865, at *9 (citing Colleton Prep. Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417–21 (4th Cir. 2010)). Default judgment is proper "only if the well-pleaded factual allegations in a complaint both establish a valid cause of action and entitle the plaintiff to an award of damages or other relief." i play. Inc. v. D. Catton Enter., LLC, No. 1:12-cv-22, 2015 U.S. Dist. LEXIS 29870, at *6 (W.D.N.C. Mar. 10, 2015). In so deciding, courts in this district apply the standard

used to evaluate a Rule 12(b)(6) motion to dismiss, and "a pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Silvers, 2016 U.S. Dist. LEXIS 13865, at *18–19 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"If the Court determines that liability is established, it must then determine the appropriate amount of damages." Bogopa Serv. Corp. v. Shulga, No. 3:08-cv-365, 2011 U.S. Dist. LEXIS 17408, at *4 (W.D.N.C. Feb. 8, 2011). "The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages." EEOC v. Carter Behavior Health Servs., No. 4:09-cv-122, 2011 U.S. Dist. LEXIS 129493, at *9–10 (E.D.N.C. Oct. 7, 2011). "[A] court may enter a default judgment as to damages with or without a hearing. As long as there is an adequate evidentiary basis in the record for an award of damages, the Court may make such a determination without a hearing." Bogopa Serv. Corp., 2011 U.S. Dist. LEXIS 17408, at *5 (citation omitted).

## III. DISCUSSION

The Court has entered default against Defendant. (Doc. No. 7.) The Court thus proceeds to analyzing the propriety of default judgment on Plaintiff's claims for breach of contract, conversion, and a declaratory judgment.

Plaintiff alleges that Defendant breached the Agreement by "converting the Trailers for its own use or benefit and/or failing to timely return the Trailers." (Doc. No. 1, ¶ 19.) The Complaint, however, is devoid of factual allegations that Defendant used the Trailers for its own benefit; the Complaint merely asserts that the GPS units

showed the Trailers were located at Defendant's storage yard from July 2 through October 29, 2017. The Complaint also lacks any factual allegations as to Defendant's obligation under the Agreement to return the Trailers at a specified time and/or upon certain conditions. This is especially problematic because the allegations regarding the terms of the Agreement, although scant, tend to imply that Defendant was to remain in possession of the Trailers for at least some limited period of time in order to provide truckload transportation services to Plaintiff. Therefore, even taking the well-pleaded allegations of the Complaint as true, without a copy of the Agreement or further evidence regarding the specific terms of the Agreement and Defendant's conduct in breach thereof, the Court cannot conclude that Plaintiff has established Defendant's liability for breach of the Agreement.

The well-pleaded allegations of the Complaint are also insufficient to establish Defendant's liability for conversion. Plaintiff alleges that Defendant committed conversion by wrongfully exercising control and dominion over the Trailers. "Conversion is the unauthorized assumption and exercise of the right of ownership over the goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." White v. Consol. Planning, Inc., 603 S.E.2d 147, 165 (N.C. Ct. App. 2004) (quotation marks omitted). "There are, in effect, two essential elements of a conversion claim: ownership in the plaintiff and wrongful possession or conversion by the defendant." Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 723 S.E.2d 744, 747 (N.C. 2012). However, "[w]here there has been no wrongful taking or disposal of the goods, and the defendant has

merely come rightfully into possession and then refused to surrender them, demand and refusal are necessary to the existence of the tort." White, 603 S.E.2d at 165.

Here, Defendant rightfully possessed the Trailers to transport Plaintiff's goods from Plaintiff's fulfillment center in Baltimore, Maryland to its fulfillment center in Chattanooga, Tennessee. Thus, demand and refusal are necessary to establish Defendant's liability for conversion. As Plaintiff has neither alleged nor offered evidence that it demanded Defendant return the Trailers and Defendant refused to do so, Plaintiff has not established Defendant's liability for conversion. Levin v. Jacobson, 2015 NCBC LEXIS 111, at *27–28 (N.C. Super. Ct. Dec. 7, 2015) (granting summary judgment in favor of defendant on plaintiffs' conversion claim because plaintiffs "neither alleged nor offered proof of demand and refusal").

Plaintiff's last claim for relief seeks a declaratory judgment that Plaintiff is entitled to the sole possession and control of the Trailers. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. For there to be a case or controversy justiciable for the Court, plaintiff must present a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). The dispute must also be "real and substantial," admitting "of specific relief through a decree of a conclusive character, as distinguished from what the law would be upon a hypothetical state of facts." Id.

The question for the Court is thus "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id.

Plaintiff contends that an actual controversy exists between Plaintiff and Defendant because Plaintiff is the owner of the Trailers and "Defendant apparently believes otherwise as it refuses to turn over the Trailers to Plaintiff and/or continue [sic] to wrongfully detain the Trailers." (Doc. No. 1, ¶ 28.) As discussed above, however, Plaintiff does not allege that it demanded Defendant return the Trailers—Plaintiff alleges that the Trailers were located at Defendant's storage yard for approximately four months, but does not allege that it ever contacted or attempted to contact Defendant regarding the Trailers during this four-month period or at any other time. Absent such a demand and refusal, the Court cannot conclude that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Moreover, under the circumstances of this case where Plaintiff has failed to establish Defendant's liability as to Plaintiff's related claims for relief, "this court is wary of entering default judgment [on a claim] for declaratory relief . . . where the merits of [the] case have not been fully litigated." Teachers Ins. Co. v. Prather, No. 2:11-cv-00397, 2012 U.S. Dist. LEXIS 3651, at *4–5 (S.D. W. Va. Jan. 11, 2012) (citing Restatement 2d Judgment § 33 (stating that a court "should not make a declaration upon default on the basis of the pleadings alone but should require the plaintiff to present enough evidence to warrant the granting

7

of declaratory relief")). Accordingly, in the exercise of its discretion under Rule 55(b), the Court concludes that Plaintiff is not entitled to default judgment on its claim for declaratory relief.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 8), is **DENIED without prejudice**.  Plaintiff shall have thirty days from the date of this Order to submit a renewed motion for default judgment and supporting materials.

Signed: October 8, 2019

Robert J. Conrad, Jr.
United States District Judge