UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00028-RJC-DSC

| | |
|---|---|
| AMAZON LOGISTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UN4GIVEN TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's renewed motion for default judgment. (Doc. No. 12.)

I. BACKGROUND

Plaintiff Amazon Logistics, Inc. ("Plaintiff") is a transportation logistics company and is the registered owner of two trailers, identified as V210487 and V210650, and related dolly converters (the "Trailers"). (Doc. No. 1, ¶ 7.) Defendant Un4Given Transportation, Inc. ("Defendant") is a motor carrier registered with the Federal Motor Carrier Safety Administration as USDOT 2896549 and MC973531. (Doc. No. 1, ¶ 8.)

Plaintiff and Defendant are parties to a Linehaul Service Provider Agreement (the "Agreement") pursuant to which Defendant agreed to provide Plaintiff truckload transportation services, including receiving, loading, storing, transporting, delivering, and unloading goods. (Doc. No. 1, ¶ 9.) Defendant further agreed to use the Trailers exclusively for the services contemplated in the Agreement and to return

the Trailers in substantially the same condition. (Doc. No. 1, ¶ 18.) On or about July 4, 2017, Defendant possessed the Trailers to transport Plaintiff's goods from Plaintiff's fulfillment center in Baltimore, Maryland to Plaintiff's fulfillment center in Chattanooga, Tennessee. (Doc. No. 1, ¶ 11.) Defendant's driver checked the Trailers into the Chattanooga facility using his cell phone.[1] (Doc. No. 1, ¶ 11.) But, from July 2 through October 29, 2017, the GPS units on the Trailers showed the Trailers were located at Defendant's storage yard in Gastonia, North Carolina. (Doc. No. 1, ¶ 12.) The GPS units stopped showing a location on October 29, 2017, which Plaintiff presumes is due to the batteries dying. (Doc. No. 1, ¶ 12.)

On August 22, 2018, Plaintiff sent a letter to Defendant demanding the return of the Trailers. (Doc. No. 12-2, at Ex. A.) Defendant did not respond to the letter and has not returned the Trailers. (Doc. No. 12-2, ¶ 4.)

On January 18, 2019, Plaintiff filed a Complaint against Defendant asserting claims for breach of contract, conversion, and a declaratory judgment. (Doc. No. 1, at 3–4.) According to Plaintiff's Affidavit of Service, Defendant was properly served with the summons and a copy of the Complaint on January 25, 2019. (Doc. Nos. 4 to 4-2.) On February 27, 2019, the Clerk of Court entered default against Defendant. (Doc. No. 7.)

On June 5, 2019, Plaintiff filed a motion for default judgment, (Doc. No. 8), which the Court denied without prejudice, (Doc. No. 11). Thereafter, Plaintiff filed the instant renewed motion for default judgment. (Doc. No. 12.) The motion is ripe

---

[1] The Complaint does not allege when this occurred.

for resolution.

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure governs Plaintiff's renewed motion for default judgment. "Rule 55 sets forth a two-step process for obtaining a default judgment." Brown v. Prime Star Grp., Inc., No. 3:12-cv-165, 2012 U.S. Dist. LEXIS 141495, at *5 (W.D.N.C. Sept. 30, 2012). A plaintiff must first seek an entry of default under Rule 55(a). L & M Cos. v. Biggers III Produce, Inc., No. 3:08-cv-309, 2010 U.S. Dist. LEXIS 46907, at *14 (W.D.N.C. Apr. 9, 2010). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." Brown, 2012 U.S. Dist. LEXIS 141495, at *4.

"After the clerk has entered a default, the plaintiff may seek a default judgment." Silvers v. Iredell Cty. Dep't of Soc. Servs., No. 5:15-cv-00083, 2016 U.S. Dist. LEXIS 13865, at *9 (W.D.N.C. Feb. 3, 2016). "The entry of a default judgment is left to the sound discretion of the court, and no party is entitled to a favorable entry of default judgment as a matter of right." Dish Network L.L.C. v. Hatley, No. 5:16-cv-00088, 2017 U.S. Dist. LEXIS 81390, at *6 (W.D.N.C. May 25, 2017). "Without question, because the American civil litigation system is adversarial by nature, it is the 'strong policy' of the Fourth Circuit to decide cases on their merits." Silvers, 2016 U.S. Dist. LEXIS 13865, at *9 (citing Colleton Prep. Academy, Inc. v. Hoover

3

Universal, Inc., 616 F.3d 413, 417–21 (4th Cir. 2010)). Default judgment is proper "only if the well-pleaded factual allegations in a complaint both establish a valid cause of action and entitle the plaintiff to an award of damages or other relief." i play. Inc. v. D. Catton Enter., LLC, No. 1:12-cv-22, 2015 U.S. Dist. LEXIS 29870, at *6 (W.D.N.C. Mar. 10, 2015). In so deciding, courts in this district apply the standard used to evaluate a Rule 12(b)(6) motion to dismiss, and "a pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Silvers, 2016 U.S. Dist. LEXIS 13865, at *18–19 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"If the Court determines that liability is established, it must then determine the appropriate amount of damages." Bogopa Serv. Corp. v. Shulga, No. 3:08-cv-365, 2011 U.S. Dist. LEXIS 17408, at *4 (W.D.N.C. Feb. 8, 2011). "The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages." EEOC v. Carter Behavior Health Servs., No. 4:09-cv-122, 2011 U.S. Dist. LEXIS 129493, at *9–10 (E.D.N.C. Oct. 7, 2011). "[A] court may enter a default judgment as to damages with or without a hearing. As long as there is an adequate evidentiary basis in the record for an award of damages, the Court may make such a determination without a hearing." Bogopa Serv. Corp., 2011 U.S. Dist. LEXIS 17408, at *5 (citation omitted).

### III. DISCUSSION

The Court has entered default against Defendant. (Doc. No. 7.) The Court thus proceeds to analyzing the propriety of default judgment on Plaintiff's claims for

4

breach of contract, conversion, and a declaratory judgment.

### A. Breach of Contract and Conversion

Plaintiff's claims for breach of contract and conversion are both based on Defendant's failure to return the Trailers. The Court concludes that Plaintiff has established Defendant's liability for breach of contract and conversion.

"The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 530 S.E.2d 838, 845 (N.C. Ct. App. 2000). "Conversion is the unauthorized assumption and exercise of the right of ownership over the goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." White v. Consol. Planning, Inc., 603 S.E.2d 147, 165 (N.C. Ct. App. 2004) (quotation marks omitted). "There are, in effect, two essential elements of a conversion claim: ownership in the plaintiff and wrongful possession or conversion by the defendant." Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 723 S.E.2d 744, 747 (N.C. 2012). There is an additional element when the claim for conversion is not based on a wrongful taking of the property: "Where there has been no wrongful taking or disposal of the goods, and the defendant has merely come rightfully into possession and then refused to surrender them, demand and refusal are necessary to the existence of the tort." White, 603 S.E.2d at 165.

Here, the evidence shows that Plaintiff and Defendant entered into the Agreement pursuant to which Defendant agreed to provide Plaintiff truckload transportation services, to use the Trailers exclusively for the services contemplated

5

in the Agreement, and to return the Trailers in substantially the same condition. Despite Plaintiff's demand, Defendant has not returned the Trailers in breach of the Agreement. Thus, Plaintiff has established Defendant's liability for breach of contract. As the evidence also shows that Plaintiff owns the Trailers, Defendant's refusal to return the Trailers constitutes conversion. Having concluded that Defendant's liability is established, the Court turns to the issue of damages.

Plaintiff seeks to recover the fair market value of the Trailers. "The measure of damages for conversion is the fair market value of the converted property at the time of the conversion, plus interest." Bartlett Milling Co., L.P. v. Walnut Grove Auction & Realty Co., 665 S.E.2d 478, 485 (N.C. Ct. App. 2008). Plaintiff submitted an affidavit of its financial analyst stating that the fair market value of the Trailers at the time of conversion was $72,940. (Doc. No. 12-3, ¶ 3); see United Leasing Corp. v. Guthrie, 666 S.E.2d 504, 508 (N.C. Ct. App. 2008) (stating that "lay opinions as to the value of property are admissible if the witness can show that he has knowledge of the property and some basis for his opinion" (brackets omitted)). Therefore, the Court concludes that Plaintiff is entitled to judgment in the amount of $72,940.

### B. Declaratory Judgment

Plaintiff also seeks a declaratory judgment that Plaintiff is entitled to the sole possession and control of the Trailers.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether

6

Case 3:19-cv-00028-RJC-DSC   Document 13   Filed 08/05/20   Page 6 of 8

or not further relief is or could be sought." 28 U.S.C. § 2201. "This power has consistently been considered discretionary." Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996). For there to be a case or controversy justiciable for the Court, plaintiff must present a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). The dispute must also be "real and substantial," admitting "of specific relief through a decree of a conclusive character, as distinguished from what the law would be upon a hypothetical state of facts." Id. The question for the Court is thus "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id.

Because the Court enters judgment in favor of Plaintiff in an amount equal to the fair market value of the Trailers, a declaratory judgment that Plaintiff is entitled to the sole possession and control of the Trailers is not appropriate. The remedy for conversion is either the return of the converted property and any damages caused by the loss of use or the fair market value of the property at the time of conversion. See N.C. Gen. Stat. § 1-230 ("In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or for the value thereof in case a delivery cannot be had, and damages for the detention."). As Plaintiff has sought and obtained judgment for the fair market value of the property, Plaintiff is not entitled to the alternative remedy of recovering the

7

property.  See In re Will of Shepherd, 761 S.E.2d 221, 225 (N.C. Ct. App. 2014) ("The purpose of the doctrine of election of remedies is to prevent more than one redress for a single wrong.  The whole doctrine of election is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and a choice of one is held to be an election not to pursue the other." (citations and quotation marks omitted)).  Therefore, the Court denies Plaintiff's renewed motion for default judgment as to its claim for a declaratory judgment.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's renewed motion for default judgment, (Doc. No. 12), is **GRANTED in part** and **DENIED in part**.  The motion is granted as to Plaintiff's claims for breach of contract and conversion, and the motion is denied as to Plaintiff's claim for a declaratory judgment; and

2. Judgment is **ENTERED** in favor of Plaintiff and against Defendant in the amount of **$72,940.00**.

Signed: August 5, 2020

*[signature]*

Robert J. Conrad, Jr.
United States District Judge